UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:17-cv-_____-____-____

JENNIFER DELAROSA, on behalf of
herself and all similarly-situated individuals,

      Plaintiff,

v.

MICHAELS STORES, INC.

      Defendant.
_____/

## NOTICE OF REMOVAL

**TO THE COURT AND THE PARTIES:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Michaels Stores, Inc. removes to this Court the state court action described below.

**I.    PROCEDURAL HISTORY**

1.    On September 8, 2022, plaintiff Jennifer DeLaRosa commenced an action in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, State of Florida ("State Court"), entitled *Jennifer DeLaRosa, individually and on behalf of all others similarly situated, v. Michaels Stores, Inc.*, Case No. 22-CA-007612 ("State Court Action").

2.    Plaintiff served Michaels with a copy of the summons and complaint on September 16, 2022. A true and correct copy of the Summons and Complaint is

attached as **Composite Exhibit A.** The Summons and Complaint attached as **Composite Exhibit A** constitute all the process, pleadings, and orders served upon Michaels in the State Court Action. *See* 28 U.S.C. § 1446(a).

3. The Complaint asserts a single cause of action under the Florida Telephone Solicitation Act, seeking statutory damages, an injunction, and attorneys' fees. **Composite Exhibit A-1.,** Compl. at Count I and Prayer for Relief, pp. 5–8.

4. Plaintiff purports to bring this action on behalf of herself and "[a]ll persons in the State of Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) without 'prior express consent' as defined by Fla. Stat. § 501.059(1)(g), (4) on or after July 1, 2021." Compl. ¶ 20.

## II. BASIS FOR REMOVAL JURISDICTION—CLASS ACTION FAIRNESS ACT

5. The Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), and removal of the State Court Action to this Court is proper, because (a) the action purports to be a "class action," (b) the putative class consists of at least 100 supposed class members, (c) the citizenship of at least one putative class member is different from the citizenship of one defendant, and (d) the aggregate amount in controversy exceeds the sum or value of $5,000,000, exclusive of costs and interest. *See* 28 U.S.C. § 1332(d).

**A.   Putative Class Action**

6. CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

7. Plaintiff alleges that the State Court Action is brought on behalf of an alleged "class" pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). *See* Compl. ¶ 22.

8. The case is a "class action" for purposes of removal under CAFA.

**B.   Putative Class Consists of No Less than 100 Members**

9. Removal under CAFA is appropriate where "the number of members of all proposed plaintiff classes in the aggregate" is not "less than 100." 28 U.S.C. § 1332(d)(5).

10. Plaintiff alleges that the putative class described in the Complaint is comprised of "thousands of consumers in Florida." Compl. ¶ 22.

**C.   Minimal Diversity of Citizenship Exists**

11. Under CAFA, minimal diversity jurisdiction exists if any member of the purported class is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

12. Plaintiff resides in Hillsborough County, Florida (Compl. ¶ 11), and upon information and belief, works, owns real property, and is registered to vote

in Hillsborough County, Florida. Thus, plaintiff is domiciled in, and for purposes of removal jurisdiction is a citizen of, State of Florida.

13. Michaels is a corporation that is incorporated under the laws of the State of Delaware and that has its principal place of business in Texas. For purposes of removal jurisdiction, Michaels is a citizen of the States of Delaware and Texas. 28 U.S.C. § 1332(c)(1).

14. The Complaint does not name any other defendants.

15. Minimal diversity exists because defendant Michaels is not a citizen of the State of Florida and at least one purported class member—namely, plaintiff—is a citizen of the State of Florida.

### D. Amount in Controversy Exceeds CAFA Threshold

16. CAFA requires that the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "[T]he claims of the individual class members shall be aggregated" when determining the matter in controversy. *Id.* § 1332(d)(6).

17. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

18. The Florida Telephone Solicitation Act permits a prevailing plaintiff to recover up to at least $1,500 per call if a defendant willfully or knowingly made a call in violation of the act, Fla. Stat § 501.059(10)(a)–(b), which plaintiff has pleaded. Compl. ¶ 37.

19. Although Michaels denies all liability to plaintiff and the putative class, the Complaint asserts an aggregate amount in controversy in excess of $5,000,000 because the number of texts that Michaels sent to "persons in the State of Florida … on or after July 1, 2021" (Compl. ¶ 20), puts more than $5,000,000 at issue.

### III.   REMOVAL PROCEDURE

#### A.   **Removal is Timely**

20. Removal of the action to this Court is timely pursuant to 28 U.S.C. § 1446(b) because Michaels filed the notice of removal within 30 days of plaintiff serving Michaels with the Summons and Complaint on September 16, 2022.

#### B.   **Venue is Proper**

21. Removal to the United States District Court for the Middle District of Florida is proper because the State Court where the State Court Action was filed is located within the jurisdiction of this District. 28 U.S.C. § 1441(a); 28 U.S.C. § 89(b). The State Court is located in Hillsborough County, Florida, and thus the case is properly assigned to the Tampa Division of this Court.

#### C.   **Notice to Plaintiff and State Court**

22. Pursuant to 28 U.S.C. § 1446(d), Michaels is filing written notice of this removal with the State Court concurrently with the filing of this notice, and will serve that notice on plaintiff. A copy of the notice that Michaels is filing in the State Court is attached as **Exhibit B**.

## IV. CONCLUSION

For the reasons set forth above, the action is removable to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Michaels removes this action from the State Court to the United States District Court for the Middle District of Florida, Tampa Division. Thus, Michaels respectfully requests that the Court proceed with the action as if it had been filed originally herein.

Dated:  October 14, 2022                     Respectfully submitted,

                                                    /s/  April Boyer
April Boyer (Trial Counsel)
**K&L GATES LLP**
April Boyer, Esq.
Florida Bar No. 0168335
april.boyer@klgates.com
Southeast Financial Center
200 S. Biscayne Boulevard, Ste 3900
Miami, FL 33131-2399
Telephone:  305-539-3300
Facsimile:   305-358-7095

- 7 -

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel or parties of record on this 14th day of October 2022.

                                            */s/ April Boyer*
                                            April Boyer